It is requested that the portion of the aforementioned Opinion and Award as it relates to the attorney fee be changed to allow the attorney to recover one-third (1/3) of any and all recovery for the reasons that are recited below:
1. Preliminarily, the undersigned adopts and incorporates herein by reference the complete Stipulations, the Findings of Fact, the Conclusions of Law, and the Opinion and Award with exception to paragraph 3 as it relates to the attorney fee provision which is hereafter amended.
2. Defendants shall pay compensation to plaintiff at the rate of $131.65 per week for the period beginning June 5, 1991 and continuing, subject to change in condition, a return to work or further Order of the Industrial Commission for the disability arising from this injury by accident. That portion of this compensation which has accrued shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident, when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
4. With respect to the attorney fee, the undersigned finds as a fact the following:
 a. The claimant, Frankie Darlene Manley and Michael R. Nash, Esquire, entered into a written contract of representation, a copy of which is attached hereto and incorporated herein by reference as Exhibit A, which contemplated a contingent fee arrangement in which the attorney would be allowed to charge up to one-third (1/3) of any and all recovery if the case were appealed to the appellate level.
 b. As it appears of record, this has been a hotly contested worker compensation case in which the following litigation has occurred.
 (1) Initially, the carrier and the claimant entered into a Form 21 Agreement to pay compensation.
 (2) Thereafter, the carrier applied to the North Carolina Industrial Commission to terminate benefits on the grounds that the claim was fraudulent, which allegation the claimant adamantly denied. Thereafter, an Order was entered by the Industrial Commission approving the Form 24 Application and all benefits were stopped.
 (3) Thereafter, the claimant obtained the services of Michael R. Nash, Esquire who requested a hearing before the North Carolina Industrial Commission.
 (4) Thereafter, a hearing was held before the Honorable Roger L. Dillard on June 3, 1992 and thereafter an Opinion and Award was entered adverse to the claimant on October 26, 1992.
 (5) Thereafter, the claimant, through her attorney Michael R. Nash, appealed to the Full Commission where counsel submitted a brief and thereafter the matter came on for hearing on January 26, 1994, and thereafter an Opinion and Award was entered which was favorable to the claimant and reversed the adverse ruling of Deputy Commission Dillard.
 (6) Thereafter, the carrier appealed the Opinion and Award favorable to the claimant to the North Carolina Court of Appeals.
 (7) Thereafter, an appellate record was prepared and both parties submitted appellate briefs.
 (8) Thereafter the North Carolina Court of Appeals entered a decision favorable to the claimant in a 3-0 decision.
 (9) Thereafter, the carrier petitioned the North Carolina Supreme Court for review. The attorney for the claimant filed a response.
 (10) Thereafter, the North Carolina Supreme Court refused the Petition for review.
 c. The eventual outcome of this litigation was that an Opinion and Award was entered which was favorable to the claimant and which awarded her full workers compensation benefits under the North Carolina Workers' Compensation Act.
5. The Full Commission specifically finds that the claimant was in need of the services of a competent and able attorney to represent her in this workers' compensation case, that Michael R. Nash, Esquire, rendered valuable and competent legal services which were successful, and that Michael R. Nash invested substantial time on behalf of Frankie Darlene Manley, and that the contract of representation was fair, reasonable, and equitable and should be reinforced according to its terms.
* * * * * * * * * * *
Based on the foregoing Findings of Fact, the Full Commission makes the following Conclusions of Law:
AMENDED CONCLUSIONS OF LAW
1. The Findings of Fact and the Conclusions of Law, with exception of those findings as it relates to the attorney fee in the Opinion and Award of February 22, 1994, are adopted in full and incorporated herein by reference.
2. That Michael R. Nash, Esquire, has rendered valuable, competent and necessary legal services on behalf of the claimant, Frankie Darlene Manley.
3. That this was a hotly contested workers' compensation case in which the claimant, Frankie Darlene Manley, was in need of competent legal services.
4. The contract of representation was fair, equitable and reasonable.
* * * * * * * * * * *
Based on the foregoing Conclusions of Law, the Full Commission enters the following Amended Opinion and Award:
AWARD
1. With the exception of those findings as they relate to the attorney fee award, the Full Commission adopts in total the Opinion and Award of February 22, 1994.
2. Defendants shall pay compensation to plaintiff at the rate of $131.65 per week for the period beginning June 5, 1991 and continuing, subject to a change in condition, a return to work or further Order of the Industrial Commission for the disability arising from this injury by accident. That portion of this compensation which has accrued shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident, when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
4. An attorney's fee in the amount of one-third (1/3) of the compensation awarded herein is hereby approved for plaintiff's counsel, the accrued portion of this fee shall be deducted from the accrued benefits and thereafter defendants shall forward every third check of compensation benefits to plaintiff's counsel until further order of the Industrial Commission.
FOR THE FULL COMMISSION
 S/ _____________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 3/11/96